**Tom GREENWALD, Plaintiff,**

v.

**PALM BEACH COUNTY, BY AND THROUGH its BOARD OF COUNTY COMMISSIONERS, and Denise J. Bleau, individually, Defendants.**

### No. 92–8251–CIV.

United States District Court, S.D. Florida.

June 24, 1992.

George Sigalos of Mattlin & McClosky Boca Raton, Fla., for plaintiff.

Pete Hurtgen of Morgan, Lewis & Bockius, Miami, Fla., for defendant.

PAINE, District Judge.

### ORDER ON MOTION TO REMAND ACTION TO STATE COURT

This matter comes to be heard on the Plaintiff's, Tom Greenwald ("Greenwald"), Motion to Remand Action to State Court (DE 11). Having reviewed the file and relevant authorities, the court enters the following order.

### Placing Their Bets

On April 9, 1992, the Plaintiff commenced this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida alleging that the Defendants, *inter alia*, disciplined and retaliated against him for revealing numerous conflicts of interest and improprieties, within the Palm Beach County Attorney's Office, to the Florida State Attorneys' Office and the *Palm Beach Post*. On April 29, 1992, the Defendants removed the proceeding on the ground that this court had original jurisdiction, insofar as Count III of

Greenwald's Complaint sought relief for violation of civil rights pursuant to 42 U.S.C. § 1983.[1] Thereafter, the Plaintiff filed a Notice of Voluntary Dismissal of Count III of Complaint (DE 10) and the subject Motion contending that this matter should be remanded to state court as the sole basis for removal, the federal civil rights cause of action, had been voluntarily dismissed, divesting the court of its only basis for exercising subject matter jurisdiction.

### Rolling the Dice:
### Pleading a Federal Cause
### of Action in State Court

Greenwald's proposed course of action, however, is contrary to binding precedent which holds that a district court's jurisdiction is not defeated when a Plaintiff voluntarily revises his Complaint, so as to eliminate the federal claim upon which removal is based. *In re Greyhound Lines, Inc.,* 598 F.2d 883, 884 (5th Cir.1979).[2] *See Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985); *Westmoreland Hosp. Ass'n v. Blue Cross,* 605 F.2d 119, 123 (3d Cir.1979), *cert. denied,* 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980); *Hazel Bishop, Inc. v. Perfemme, Inc.,* 314 F.2d 399, 403 (2d Cir.1963); *Brown v. Eastern States Corp.,* 181 F.2d 26, 28 (4th Cir.1950); *Austwick v. Board of Educ. of Township High Sch.,* 555 F.Supp. 840, 842 (N.D.Ill. 1983); *Armstrong v. Monex Int'l, Ltd.,* 413 F.Supp. 567, 569 (N.D.Ill.1976). The policy behind this rule is obvious:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned.

*Boelens,* 759 F.2d at 507 (quoting *Austwick,* 555 F.Supp. at 842).

### Snake Eyes!

In choosing to file his action in Florida state court and electing to press a claim pursuant to 42 U.S.C. § 1983, the Plaintiff rolled the dice, running the risk of removal to the United States District Court for the Southern District of Florida, and "crapped out." In sum, the undersigned will not permit Greenwald to oust the court's jurisdiction by voluntarily dismissing without prejudice the sole federal cause of action in his Complaint.[3]

In view of the foregoing, it is hereby ORDERED and ADJUDGED that the Plaintiff's Motion to Remand Action to State Court (DE 11) is DENIED.

DONE and ORDERED.

---

1. Section 1983 provides, in relevant part, that:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3. If the Plaintiff were intent on having this action heard in a state forum, nothing would appear to preclude him from voluntarily dismissing this action without prejudice and later filing a "new action" in state court, omitting any basis for federal jurisdiction in the Complaint.