**Felice RILEY, Plaintiff,**

v.

**CARSON PIRIE SCOTT & CO., d/b/a Boston Store; Garrod M. Tyler; Steven R. Parr; City of Glendale; Police Officer Christopher K. Eichhorn; Police Officer D.A. Schenk; Police Officer T.L. Treder; and Police Officer John Doe, Defendants.**

Civil Action No. 96–C–1026.

United States District Court, E.D. Wisconsin.

Dec. 3, 1996.

Thomas R. Jones, Patricia Jones D'Angelo, D'Angelo & Jones, Waukesha, WI, for Plaintiff.

Timothy J. Pike, Peterson, Johnson & Murray, Milwaukee, WI, for Carson Pirie Scott d/b/a Boston Store; Defendants Tyler & Parr.

Gregg J. Gunta, Kevin P. Reak, and Ann C. Wirth, Decker & Gunta, Milwaukee, WI, for Defendants City of Glendale, and Officers Eichhorn, Schenk, Treder & Doe.

## DECISION AND ORDER

REYNOLDS, District Judge.

Originally, the plaintiff filed this action in Milwaukee County Circuit Court. Because the complaint contained a federal claim, the defendants removed the case to this court under 28 U.S.C. § 1441. Plaintiff moved to remand the case under 28 U.S.C. § 1447, which the court denied. Plaintiff then apparently filed, or attempted to file, an amended complaint in state court and has moved to amend the complaint in federal court and remove the federal claim.

Although the City of Glendale ("Glendale") has no objection to the amendment, it argues that the court should not remand because a party may not amend a complaint to deprive the district court of jurisdiction. In other words, Glendale wants the parties to litigate the state claims in federal court.

■ After removal, a court may allow the plaintiff to amend to drop the federal claim, and the court may then remand the case. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 622–23, 98 L.Ed.2d 720 (1987). *Carnegie* is a straightforward application of supplemental jurisdiction. Under 28 U.S.C. § 1367(a), the district court has original jurisdiction over the federal claim and supplemental jurisdiction over the state law claim. Once the court allows a plaintiff to amend the complaint and drop the federal claims, the court has lost its original jurisdiction and has the discretion to remand the case. 28 U.S.C. § 1367(c).

Glendale cites two cases in which courts refused to allow an amended complaint when the party was trying to drop its federal claim and have the case remanded to state court. *See Ching v. MITRE Corp.*, 921 F.2d 11, 13 (1st Cir.1990); and *Greenwald v. Palm Beach Cnty.*, 796 F.Supp. 1506 (S.D.Fla. 1992). Neither *Ching* nor *Greenwald* cite *Carnegie;* arguably, however, they are consistent because the courts in *Ching* and *Greenwald* were merely exercising their discretion in denying the motion to amend. *Ching*, for example, dealt with a motion to dismiss the federal claim without prejudice.

■ Here, however, the court sees no reason to deny the motion to amend. The litigation has just begun, and the court cannot force the plaintiff to litigate a claim that she does not want to pursue. By amending the complaint, the plaintiff is dismissing her federal claim with prejudice. Once the court allows the amended complaint, there is no reason for the court to continue to maintain supplemental jurisdiction. When the case has just begun and the federal claims have all been dismissed, the court should generally relinquish jurisdiction. *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir.1996).

■ It may appear that the plaintiff should have moved to dismiss the suit without prejudice and refiled it in state court without the federal claim. *See Greenwald*, 796 F.Supp. at 1507 n. 3. *Carnegie*, however, is directly on point and controlling; it recom-

mends remand as opposed to dismissing the case without prejudice. *Carnegie*, 484 U.S. at 351–353, 108 S.Ct. at 619–21.

■ Based on *Carnegie*, the court could remand once it grants the motion to amend. Riley, however, has created a procedural mess. After the court denied her original motion to remand, she filed an amended complaint in state court; the court has no idea why she did this. Once removed, this court, not the state court, had jurisdiction until this court remanded the case or dismissed it without prejudice. This concept is not subtle; it is basic to the law of jurisdiction. Riley had no basis for filing the amended complaint in state court.

Initially, Riley created even more problems. Treating this court's jurisdiction as subsidiary to the state court, she filed an amended complaint in state court and submitted a copy of the complaint to this court, without a motion to amend. Correctly, the clerk's office refused to accept the filing and told her that he could not file an amended complaint without leave of the court.

■ As a result of her error, Riley has filed a copy—not an original—of the amended complaint with this court. But, this court cannot accept a copy of the amended complaint as an original. Although the court can grant the motion to amend, it can not remand the case until the plaintiff files the amended complaint.

The court grants the motion to amend the complaint.