**TEXAS FIRST NATIONAL BANK
and Henry Wu, Plaintiffs,**

**v.**

**Kenneth WU, et al., Defendants.**

**No. CIV.A. H–04–4129.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 9, 2004.

Lynne Liberato, Kent Rutter, Haynes and Boone LLP, Houston, for Plaintiff—Texas First National Bank.

Kenneth R. Wynne, Christopher J. Fernelius, David E. Wynne, The Wynne Law Firm, Houston, for Defendants—Kenneth Wu, May Wu, May and Kenneth Family Partnership, Ltd., May and Kenneth Wu 2002 Family Partnership, Ltd., Milton Ming–Ng Yang, Evergreen General Agency, Inc. Evergreen Insurance Premium Finance Co., and Chieh–Li Kang Shen.

Matthew B. Henneman, Watt Beckworth, Houston, for Defendant—Richard Tseng.

### ORDER

HITTNER, District Judge.

Pending before the Court are Defendants' Application for Injunctive Relief, Supplemental Application for Injunctive Relief, Second Supplement to Application for Injunctive Relief, Plaintiffs' Motion for Remand, and Plaintiffs' Motion for Leave to Amend. Having considered the argu-

ment of the parties at a preliminary injunction hearing on December 1, 2004 as well as the motions, submissions, and applicable law, the Court determines Defendants' application and supplemental filings for injunctive relief, Plaintiffs' motion to remand, and Plaintiffs' motion for leave to amend should be denied.

## BACKGROUND

The instant action arises from three lawsuits filed by Plaintiffs Texas First National Bank and Henry Wu ("Plaintiffs") in state court against Defendants Kenneth Wu, May Wu, May and Kenneth Family Partnership, Ltd., May and Kenneth Wu 2002 Family Partnership, Ltd., Milton Ming–Ng Yang, Evergreen General Agency, Inc., Evergreen Insurance Premium Finance Co., Chieh–Li Kang Shen, and Richard Tseng (collectively "Defendants"), which were removed and consolidated in this Court. Generally, the combined allegations in the three lawsuits allege that one or more of the Defendants in their capacities as shareholders or directors of Texas First National Bank ("TFNB") violated various state law causes of action as well as federal banking law.

The first lawsuit, known as Civil Action 04–4129, was filed in the 234th District Court of Harris County, Texas. In this first action, Plaintiffs sought a declaratory judgment under state law that Defendants violated 12 U.S.C. § 1817(j), the Change in Bank Control Act ("CBCA"). Plaintiffs also alleged Defendant Kenneth Wu committed fraud and breach of fiduciary duty while a director of TFNB. Based on the allegations made under the CBCA, Defen-

dants removed this suit on October 25, 2004 pursuant to 28 U.S.C. § 1441(a).[1]

The second lawsuit, known as Civil Action 04–4436, was filed in the 61st District Court of Harris County, Texas. In this suit, Plaintiffs did not allege any federal statutes or regulations, but claimed Defendants, in their positions as directors or shareholders of Texas First National Bank, violated various state law causes of action, including: (1) specific performance/rescission, (2) breach of contract, (3) declaratory judgment that the sale of certain shares are null and void and may not be voted, (4) fraud in a stock transaction in violation of the Texas and Business Commerce Code, (5) common law fraud, (6) tortious interference with existing and prospective contracts and business relations, and (7) civil conspiracy. Defendants removed this suit on November 19, 2004 based on federal question jurisdiction and allegations of artful pleading by Plaintiffs.

At the same time Defendants removed the second suit, Defendants also filed an application for injunctive relief in this Court to stop Plaintiffs from filing additional lawsuits based on the same or similar facts in any court other than this Court. Because of the multiplicity of suits being filed in state court, this Court entered a Temporary Restraining Order on November 19, 2004, enjoining Plaintiffs from filing any further lawsuits similar to the instant action in any other court.

Meanwhile, Plaintiffs filed their third lawsuit, known as Civil Action 04–4480, in the 129th District Court of Harris County, Texas on November 19, 2004. In the third lawsuit, Plaintiffs basically alleged the same state law causes of action as in the

---

1. The statute governing removal generally provides: "[a] state court action may be removed to federal court if it qualifies as a 'civil action ... of which the district courts of the United States have original jurisdiction,' un-

less Congress expressly provides otherwise." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting 28 U.S.C. § 1441(a)).

second lawsuit. Because of the proceedings already pending in federal court, Defendants removed the third action on November 24, 2004, asserting federal question jurisdiction and artful pleading by Plaintiffs.

On November 22, 2004, Plaintiffs filed a motion to remand, asserting two reasons that Defendants' removal was improper.[2] First, Plaintiffs contend the Court lacks subject matter jurisdiction because there is no federal question. Second, Plaintiffs allege Defendants waived the right to remove the action from state court by experimenting in state court prior to removal. Defendants respond that federal question jurisdiction exists under the well-pleaded complaint rule and deny any assertions of waiver of the right to remove.[3]

The Court held a preliminary injunction hearing on December 1, 2004.[4] At the hearing, the parties addressed the propriety of Defendants' removal, including jurisdiction and waiver, and the elements of a preliminary injunction. At the close of the hearing, the Court extended the current Temporary Restraining Order until December 9, 2004 at 4:00 p.m., pending the ruling of the Court on the outstanding issues.

## LAW AND ANALYSIS

### A. Was Removal Proper?

Plaintiffs contend this case was improvidently removed from state court for two reasons, lack of subject matter jurisdiction and waiver. Because of its import, the

Court will address the jurisdictional issue first and then review waiver.

### 1. Jurisdiction

Plaintiffs allege this Court lacks subject matter jurisdiction because it did not invoke a federal question. Plaintiffs contend this case could not be originally brought in federal court because their state court petition asserts claims for a declaratory judgment under state law that Defendants did not comply with the CBCA, 12 U.S.C. § 1817(j), and fraud and breach of fiduciary duty. However, because 12 U.S.C. § 1817(j) does not confer a private cause of action, Plaintiffs rely on *Merrell Dow* and its progeny to show Defendants have not established federal question jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (concluding "that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' "). After examining Plaintiffs' claims regarding improvident removal, the Court determines Plaintiffs' argument regarding jurisdiction is flawed.

■ Removal of any civil action brought in state court is allowed if the federal district court would have had original jurisdiction over that action. *See* 28 U.S.C. § 1441(a). Original jurisdiction is found

---

2. On December 3, 2004, Plaintiffs also filed a motion for remand in Civil Action 04–4480, arguing that the artful pleading doctrine does not apply to state claims that are not preempted by federal law.

3. The Court instructed the parties to address these issues at the preliminary injunction hearing on December 1, 2004.

4. At the hearing, the Court noted that Plaintiffs had designated new lead counsel for the federal proceedings in place of their counsel previously representing them in the state actions. The Court also consolidated the three pending lawsuits and granted Plaintiffs' motion to voluntarily dismiss the second lawsuit, Civil Action 04–4436.

either in diversity or federal question cases. *See* 28 U.S.C. §§ 1331, 1332. Thus, a defendant may remove a case only if the claim could have been brought in federal court. *Merrell Dow Pharms. Inc.,* 478 U.S. at 808, 106 S.Ct. 3229.

Here, diversity jurisdiction is not alleged. Thus, Defendants must demonstrate that one of the laws in question "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal has the burden of establishing subject matter jurisdiction. *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997); *Brock v. Provident Am. Ins. Co.,* 144 F.Supp.2d 652, 656 (N.D.Tex.2001). Because it implicates important federalism concerns, removal jurisdiction must be strictly construed, and any doubts concerning removal must be resolved in favor of remand. *See id.; see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (supporting same); *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.2000) (same).

Not every allegation of federal law is proof that federal question jurisdiction exists. *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Therefore, to determine whether a claim "arises under" federal law, courts turn to the "well-pleaded complaint" rule, which requires that a federal question appear on the face of the pleading before a federal district court can invoke its jurisdiction. *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Brock,* 144 F.Supp.2d at 656 (citations omitted). Moreover, the plaintiff is the master of its suit and can avoid federal jurisdiction by relying exclusively on state law. *Rivet,* 522 U.S. at 475, 118 S.Ct. 921; *Caterpillar Inc.,* 482 U.S. at 392, 107 S.Ct. 2425. If the plaintiff draws its pleading to seek recovery under the laws of the United States, the federal court, but for two possible exceptions, must entertain the suit.[5] *Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

In the instant case, Plaintiffs' first cause of action in the first state court case is entitled "Declaration that Shares are Invalid Pending Approval by OCC." Under that heading, Plaintiffs plainly allege a violation of a federal statute, namely section 1817(j) of the CBCA. For example, Plaintiffs' state court petition states: "TFNB petitions the Court for a declaration canceling all shares acquired by [Kenneth] Wu or any person acting in concert with [Kenneth] Wu in violation of 12 U.S.C. § 1817(j) of the Change in Bank Control Act and 12 C.F.R. § 5.50, and the Articles of Association and the Bylaws of TFNB." Plaintiffs then cite the language of 12 U.S.C. § 1817(j) and its statutory purpose.[6] Plaintiffs further allege "[Kenneth]

---

5. The two exceptions include situations where the alleged federal claims clearly appear immaterial and made solely for the purpose of obtaining jurisdiction or where the claims are wholly insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

6. Plaintiffs' petition recites the relevant portion of the CBCA, stating:

No person, acting directly or indirectly or through or in concert with one or more other persons, shall acquire control of any insured depository institution through a purchase, assignment, transfer, pledge, or other disposition of voting stock of such insured depository institution unless the appropriate Federal banking agency has been given sixty days' prior written notice of such proposed acquisition . . . .

12 U.S.C. § 1817(j)(1). Further, Plaintiffs outline the purpose of the CBCA as designed "to enhance and maintain the public confi-

Wu has intentionally disregarded banking and criminal law, as well as the bylaws of TFNB, because he knows that the OCC would not approve his change of control." Plaintiffs continue, stating "[i]f Defendants are permitted to hold and to vote at a special shareholders meeting to change control of TFNB's board of directors, Defendants will violate banking and criminal law, as well as the bylaws of TFNB." Plaintiffs instruct the state court that it is obligated to enforce all laws, including federal law, because "it is presumed that Texas district courts have the poser to adjudicate private damage claims under federal statutes." Finally, Plaintiffs maintain that the state court "has the responsibility to ensure Defendants' compliance with 12 U.S.C. § 1817(j) of the Change in Bank Control Act and the regulations promulgated thereunder as well as TFNB's articles of association and bylaws."

Notwithstanding the language of the state court petition, Plaintiffs explain in their motion for remand that they never intended to allege a federal claim. Instead, Plaintiffs argue their claims are grounded in state law and only refer to the CBCA as a standard by which to govern Defendants' conduct. Thus, Plaintiffs conclude that *Merrell Dow* and its progeny are controlling because they merely allege a federal statute in connection with a state law claim for declaratory relief. *Merrell Dow Pharms. Inc.*, 478 U.S. at 808–09, 817, 106 S.Ct. 3229.

In *Merrell Dow*, the United States Supreme Court held "an exception to the 'well-pleaded complaint rule' exists when a 'substantial question of federal law' must be resolved before relief can be granted under the state law at issue." *Brock*, 144 F.Supp.2d at 656. There, plaintiffs filed

suit in state court alleging various claims, including negligence. *Merrell Dow Pharms. Inc.*, 478 U.S. at 805, 106 S.Ct. 3229. As part of plaintiffs' negligence claim, they alleged defendants misbranded a drug in violation of the federal Food, Drug, and Cosmetic Act. *Id.* at 805–06, 106 S.Ct. 3229. Defendants removed the case to federal court, contending the action was grounded, in part, on a claim "arising under" United States law. *Id.* at 806, 106 S.Ct. 3229. To determine whether the claim arose under federal law, the Court turned to the well-pleaded complaint rule. *Id.* at 808, 106 S.Ct. 3229. The Supreme Court noted, in the removal context, that most issues of federal question jurisdiction are resolved by determining whether the suit arises under the law that creates the cause of action. *Id.* However, the Court recognized the possibility that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.*

After review, the *Merrell Dow* Court noted the case was encompassed by the second method, *i.e.* the presence of a federal issue in a state created cause of action. *Id.* at 809, 106 S.Ct. 3229. However, both parties conceded no private cause of action exists for violations of the Food, Drug, and Cosmetic Act. *Id.* at 810–11, 106 S.Ct. 3229. Accordingly, the Court concluded, where there is no federal remedy for the violation of a federal statute, there can be no federal jurisdiction. *Id.* at 814, 817, 106 S.Ct. 3229; *see also Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 93–94 (3d Cir.1992) (following holding in *Merrell Dow*).

In the captioned matter, although both parties agree the CBCA does not confer a

___

dence in the banking system by preventing a change in control of a national bank that could have serious adverse effects on a bank's

financial stability or management resources [or] the bank's customers ...." 12 C.F.R. § 5.50(e).

private remedy, the Court disagrees with Plaintiffs' jurisdictional analysis and concludes this is not a *Merrell Dow* type of action. The *Merrell Dow* exception applies to cases where the state law cause of action incorporates a federal standard or federal element. *See Merrell Dow Pharms. Inc.,* 478 U.S. at 808–09, 817, 106 S.Ct. 3229. Here, Plaintiffs' petition clearly indicates they seek a declaratory judgment under Texas law that Defendants violated section 1817(j) of the CBCA.

"Whether a state action for a declaratory judgment is removable to federal court is determined by reference to the character of the threatened action. If it is inevitably federal in nature, then federal jurisdiction exists." *Hunter Douglas Inc. v. Sheet Metal Workers Int'l Ass'n,* 714 F.2d 342, 345 (4th Cir.1983); *see also Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1179 (5th Cir.1984) (explaining the cause of action in issue itself must arise under federal law); *Brocato v. Angelo Brocato Ice Cream & Confectionery, Inc.,* No. Civ. A. 03–1316, 2003 WL 22038402, *1 (E.D.La. Aug.25, 2003) (stating "[t]he law is now well-settled that when a state law declaratory judgment action is removed to federal court, it is the nature of the threatened coercive action that determines whether

federal jurisdiction exists") (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 17–22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Freeman v. Burlington Broads., Inc.,* 204 F.3d 311, 318 n. 4 (2d Cir.2000)). The character of the declaratory judgment that Plaintiffs seek is federal in nature because it is expressly based on alleged violations of the CBCA, 12 U.S.C. § 1817(j). A plain reading of Plaintiffs' state court petition demonstrates their intent to plead a violation of the CBCA. Contrary to Plaintiffs' representations that they only intended to plead the CBCA as a standard, the language of the state court petition demonstrates an intent to seek affirmative relief based on a violation of 12 U.S.C. § 1817(j). Therefore, the Court determines no exception to the well-pleaded complaint rule should apply.[7] Accordingly, the Court determines that remand is not proper and federal question jurisdiction exists in this case.[8]

2. *Waiver*

Aside from lack of jurisdiction, Plaintiffs' motion to remand asserts that Defendants sufficiently experimented in state court by seeking affirmative relief, which effectively waived their right to remove.[9]

---

**7.** This result comports with "the [well-pleaded complaint] rule that the basis for federal jurisdiction must be ascertainable from the [face of the] state plaintiffs' petition." *Hunter Douglas Inc.,* 714 F.2d at 345.

**8.** The issue of whether the Court has jurisdiction is entirely distinct from whether Plaintiffs have stated a claim under 12 U.S.C. § 1817(j). *See M.H.D. v. Westminster Schs.,* 172 F.3d 797, 802 n. 12 (11th Cir.1999) (stating "[w]hen a party claims a right that arises under the laws of the United States, a federal court has jurisdiction over the controversy. If the court concludes that the federal statute provides no relief, ..., then it properly dismisses that cause of action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or 12(c)"); *Burke v. Austin Indep. Sch. Dist.,* 709

F.Supp. 120, 122–23 (W.D.Tex.1987) (blaming plaintiff's pleading of a federal claim in state court for the resulting removal and subsequent dismissal in federal court for failure to state a claim). Jurisdiction is not defeated by the possibility that Plaintiffs' claims may not state a cause of action on which they could actually recover as this calls for a judgment on the merits and not a dismissal for want of jurisdiction. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *see also Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1346–47 (5th Cir.1985) (distinguishing dismissal based on jurisdiction and on the merits).

**9.** Plaintiffs also contend that Defendants, prior to removal, denied any basis for federal

In response, Defendants vehemently argue their actions were merely defensive and not directed at obtaining relief on the merits.

■ If a defendant acts merely to preserve the status quo and not to resolve the merits, no waiver occurs. *See Jacko v. Thorn Ams., Inc.,* 121 F.Supp.2d 574, 576 (E.D.Tex.2000); *Bolivar Sand Co., Inc. v. Allied Equip., Inc.,* 631 F.Supp. 171, 172 (W.D.Tenn.1986). If a defendant presses for a resolution of the merits of the case, then the right to remove is waived. *See Johnson v. Heublein, Inc.,* 227 F.3d 236, 244 (5th Cir.2000). In this analysis, the critical factor is the defendant's intent. *See Jacko,* 121 F.Supp.2d at 576; *Bolivar Sand Co., Inc.,* 631 F.Supp. at 172. For example, a defendant waives his right to remove by attending a summary judgment hearing, as that indicates a clear intent to have the state court proceed on the merits of the case. *See Jacko,* 121 F.Supp.2d at 576; *see also Tedford v. Warner–Lambert Co.,* 327 F.3d 423, 428 (5th Cir.2003) (seeking an adjudication on the merits waives right to remove). However, involvement in preliminary matters, such as filing an answer, do not suffice as a waiver. *Bolivar Sand Co., Inc.,* 631 F.Supp. at 173.

■ Here, the record reflects that, despite any initial delay in removing the state court cases, Defendants' involvement was to participate in the state court injunctive proceedings. Defendants did not overtly seek affirmative relief of the sort outlined by federal case law. *See, e.g., Ortiz v. Brownsville Indep. Sch. Dist.,* 257 F.Supp.2d 885, 889–90 (S.D.Tex.2003);

*Jacko,* 121 F.Supp.2d at 576–77; *Schulz v. Amalgamated Mgmt. Corp.,* No. Civ. A. 3:99CV0433D, 1999 WL 242700, *2 (N.D.Tex. Apr.19, 1999); *Bolivar Sand Co., Inc. v. Allied Equip., Inc.,* 631 F.Supp. 171, 172–73 (W.D.Tenn.1986). Accordingly, the Court finds Defendants did not waive their right to remove in this case.

**B. *Preliminary Injunction***

Because the Court determines it has jurisdiction in this matter, it is empowered to determine whether injunctive relief is proper. *See Califano v. Yamasaki,* 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Here, Defendants request a preliminary injunction to enjoin Plaintiffs from initiating proceedings involving the same or similar facts in other courts.[10] In support of their request for injunctive relief, Defendants refer the Court to the Anti–Injunction Act, 28 U.S.C. § 2283, the Removal statute, 28 U.S.C. § 1446, and the All Writs Act, 28 U.S.C. § 1651.

In contrast, Plaintiffs contend Defendants cannot base injunctive relief on the above-cited statutes. Further, Plaintiffs argue Defendants failed to establish the requisite elements of a preliminary injunction.

■ A preliminary injunction's purpose is to preserve the status quo, prevent irreparable injury to the parties, and "preserve the court's ability to render a meaningful decision" after a trial on the merits. *Meis v. Sanitas Serv. Corp.,* 511 F.2d 655, 656 (5th Cir.1975); *see also Hollon v. Mathis Indep. Sch. Dist.,* 491 F.2d 92, 93

jurisdiction. However, this assertion is vigorously contested by the parties.

10. Defendants twice supplemented their application for injunctive relief, seeking not only to enjoin Plaintiffs from initiating proceedings involving the same or similar facts in other courts, but also to enjoin Plaintiffs from relit-

igating issues already resolved by a final federal court judgment. However, at the hearing on December 1, 2004, the parties did not provide any argument regarding the claims already resolved by a final federal court judgment.

(5th Cir.1974). Thus, a court may grant a preliminary injunction, even though the outcome of the lawsuit itself is uncertain. *See Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.1991); *Meis,* 511 F.2d at 656. A preliminary injunction is an extraordinary remedy and must be supported by specific findings of the court. *W. Alabama Quality of Life Coalition v. United States Fed. Highway Admin.,* 302 F.Supp.2d 672, 678 (S.D.Tex.2004); *Placid Oil Co. v. United States Dept. of Interior,* 491 F.Supp. 895, 904 (N.D.Tex.1980).

In this case, Defendants have the heavy burden to clearly show that a preliminary injunction should be granted. *Lakedreams,* 932 F.2d at 1107; *Kern River Gas Transmission v. Coastal Corp.,* 899 F.2d 1458, 1462 (5th Cir.1990); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 809 (5th Cir.1989); *Hardin v. Houston Chronicle Publ'g Co.,* 572 F.2d 1106, 1107 (5th Cir.1978). Thus, to successfully obtain a preliminary injunction, Defendants must demonstrate: (1) a substantial likelihood of success on the merits of its claim; (2) a substantial threat of irreparable injury or harm for which there is no adequate remedy at law; (3) that the threatened injury to Defendants outweighs any harm that the injunction might cause to Plaintiffs; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir.1996); *Cherokee Pump & Equip. Inc. v. Aurora Pump,* 38 F.3d 246, 249 (5th Cir.1994); *Canal Auth. of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974).

The decision over whether to grant or deny a preliminary injunction is within the discretion of the district court and may be reversed on appeal only for an abuse of discretion. *Allied Mktg. Group, Inc.,* 878 F.2d at 809; *Canal Auth. of Florida,* 489 F.2d at 572. Relief must be denied unless the facts and law clearly favor the moving party. *See Canal Auth. of Florida,* 489 F.2d at 573. Therefore, if Defendants fail to meet their burden on any one of the four required elements, this Court must deny injunctive relief. *Miss. Power & Light Co. v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir.1985); *see also Clements Wire & Mfg. Co. v. NLRB,* 589 F.2d 894, 897 (5th Cir.1979). The Court will address each element of a preliminary injunction in turn.

To obtain a preliminary injunction, Defendants must first show a substantial likelihood that they would succeed on the merits of their claims once the case proceeds to a full and complete trial. *Lakedreams,* 932 F.2d at 1107. To clarify, "[a] party seeking a preliminary injunction does not have to prove its claims at this stage of the proceedings, only that it is likely to succeed on the merits." *Puerto Rico Conservation Found. v. Larson,* 797 F.Supp. 1066, 1070 (D.Puerto Rico 1992).

 Here, Defendants allege injunctive relief is needed to preserve this Court's jurisdiction. Defendants cite to Plaintiffs' repeated filing of state court lawsuits concerning the same or similar allegations. However, the Court notes Defendants also filed related state court lawsuits, including one separate, independent action pending in the 129th Judicial District Court of Harris County, Texas. Moreover, because the parties now concede there is no private remedy available to Plaintiffs under the CBCA, the Court will likely dismiss this claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The practical effect of these actions will be a dismissal on the merits of Plaintiffs' federal law claim. In such an event, only Plaintiffs' state law claims will remain, and the Court may exercise its discretion regarding whether it will invoke supplemental jurisdiction over

the remaining pendent claims. *See* 28 U.S.C. § 1367. Based on these factors, the Court determines there is not a substantial likelihood that an injunction is needed to preserve this Court's jurisdiction.

■ In addition to showing success on the merits, Defendants must also show that they will suffer irreparable harm if an injunction is not granted. *DSC Communications Corp.*, 81 F.3d at 600; *Cherokee Pump & Equip. Inc.*, 38 F.3d at 249. To establish a substantial threat of irreparable injury or harm, Defendants must clearly show some concrete injury or harm resulting from the Plaintiffs' actions. *See Fund for Animals v. Clark*, 27 F.Supp.2d 8, 14 (D.D.C.1998); *George Washington Home Owners Ass'n v. Widnall*, 863 F.Supp. 1423, 1427 (D.Colo.1994). To be considered irreparable, the injury must be permanent or of long duration. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); *see also Canal Auth. of Florida*, 489 F.2d at 577. Irreparable harm is also considered to be a harm that cannot be redressed by either an equitable or legal remedy following trial. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). Irreparable harm is neither speculative nor remote, but is actual and imminent. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). This element is met if Defendants can prove they are likely to suffer this type of harm before a trial on the merits. *Puerto Rico Conservation Found.*, 797 F.Supp. at 1071.

Here, Defendants couch their irreparable harm in terms of harassment, expense, distraction, and compromise of due process. Defendants argue that, left to their own devises, Plaintiffs will continue to file duplicitous state court actions. Again, the Court notes Defendants have also filed their share of state court lawsuits involving related subject matter. Despite this, the Court determines Defendants alleged injuries are not concrete and permanent. It is unknown whether Plaintiffs will file additional state court actions. In fact, Plaintiffs represented to this Court both at the hearing and in their motions to remand that their intent is to file their state law causes of action as counterclaims in the pending action involving Kenneth Wu in state court. The Court is not inclined to find that Defendants will suffer irreparable injury based on speculation alone. Further, any potential injury to Defendants is not irreparable as it is only temporal. Likewise, Defendants are not without a legal remedy, in the form of either defending the lawsuits or seeking sanctions in state court, should Plaintiffs continue to file duplicitous actions. Thus, Defendants failed to establish any irreparable harm.

■ The third element required for a preliminary injunction is the balancing of the equities. *DSC Communications Corp.*, 81 F.3d at 600; *Cherokee Pump & Equip. Inc.*, 38 F.3d at 249. Here, the court evaluates the severity of the impact on Plaintiffs if the preliminary injunction is granted and the hardship that would occur to Defendants if the injunction is denied. *See id.* In balancing the interests of the parties, courts consider the competing claims of injury and balance the hardships on each party of either granting or withholding the requested relief. *Pappan Enters. v. Hardees*, 143 F.3d 800, 805 (3d Cir.1998).

If the Court withholds relief, Defendants aver they will suffer substantial hardship from having to defend multiple lawsuits based on the same or similar facts. However, if the Court grants injunctive relief, Plaintiffs allege their right to due process may be impinged by their inability to file related lawsuits in any other forum other

than this Court. Further, Plaintiffs highlight the inequity of allowing Defendants to proceed with a related state court case involving Kenneth Wu while Plaintiffs are held in federal court in a case that they contend is comprised of state law claims. Based on the assertions of the parties, the Court determines both parties have identified potential hardships that may incur should the Court grant or deny injunctive relief. But, Defendants carry the burden, and they have not shifted the balance in their favor to establish *substantial* hardship in this case.

The final factor a court considers in its decision to grant or deny a preliminary injunction is whether an injunction is in the public interest. *DSC Communications Corp.*, 81 F.3d at 600; *Cherokee Pump & Equip. Inc.*, 38 F.3d at 249. Thus, Defendants must show that it is in the public interest to enjoin Plaintiffs from filing any additional lawsuits based on the same or similar facts as the instant case. On one hand, Plaintiffs indicate it would be fundamentally unfair to enjoin them from pursuing relief via the courts. On the other, Defendants contest that the public interest is served by halting any abuse of the judicial process. On this factor, the Court concurs with Defendants' concern regarding the promotion of efficiency and economy of the judicial system, which would support the issuance of a preliminary injunction. Thus, Defendants successfully established the fourth prong needed for injunctive relief.

Despite this finding, Defendants failed to establish success on the merits, irreparable injury, or any substantial hardship in balancing of the equities. Because establishing the four requisite elements is a *sine qua non* of a preliminary injunction, the Court denies Defendants request for a preliminary injunction.[11]

## C. *Leave to Amend*

On December 6, 2004, Plaintiffs moved for leave to amend their complaint to either (a) allow Plaintiffs to omit any reference to federal law so that the case may be remanded for lack of subject matter jurisdiction or (b) allow Plaintiffs to dismiss their state law claims without prejudice to refiling so that Plaintiffs can file those claims as counterclaims against Kenneth Wu in the pending action against Plaintiffs in the 129th Judicial District Court of Harris County, Texas.

 The Court recognizes that leave to amend shall be freely given when justice so requires. *See* FED. R. CIV. P. 15(a). However, where a case has been removed by a defendant, the plaintiff cannot voluntarily amend its complaint to drop all allegations of federal jurisdiction to destroy removal jurisdiction. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985); *but see Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (resolving a circuit split and stating district courts have discretion under supplemental jurisdiction to remand a removed case to state court when all federal law claims are dismissed form the action and only pendent state claims remain). It is a fundamental principle of law that subject matter jurisdiction is established by the pleadings at the time of removal. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (stating amendments after removal do not defeat federal jurisdiction); *see also Crummie v. Dayton–Hudson Corp.*, 611

---

**11.** Because the Court determined Defendants did not establish the essential elements of a preliminary injunction, the Court declines to address Plaintiffs' argument regarding the lack of statutory authority to provide injunctive relief.

F.Supp. 692, 692–93 (E.D.Mich.1985) (indicating plaintiff's subsequent deletion of her federal claim could not defeat removal jurisdiction); *but see Riley v. Carson Pirie Scott & Co.,* 946 F.Supp. 716, 717 (E.D.Wis.1996) (exercising discretion to allow plaintiff to amend and drop a federal claim and remand the case in light of fact that litigation just began and court cannot force plaintiff to litigate a claim she does not want to pursue). The Court believes allowing Plaintiffs to pursue either avenue of their motion for leave to amend the complaint would contravene the purposes of the removal statute.[12]

D. *Failure to State a Claim*

 A court may dismiss on the pleadings if the allegations do not support relief on any possible theory. *Coghlan v. Wellcraft Marine Corp.,* 240 F.3d 449, 452 (5th Cir.2001) (citing *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994)). Here, Plaintiffs, by and through their original state court counsel, failed to state a claim upon which relief can be granted under the CBCA because the statute does not confer a private cause of action. 12 U.S.C. § 1817(j); *Nat'l Bank of Georgia v. First Nat'l Bank Holding Corp.,* 723 F.Supp. 1501, 1506 (N.D.Ga.1989); *Gianakas v. Siensa,* 649 F.Supp. 1033, 1034 (N.D.Ill. 1986); *Quaker City Nat'l Bank v. Hartley,* 533 F.Supp. 126, 128 (S.D.Ohio 1981); *accord Whitney Nat'l Bank v. Bank of New Orleans & Trust Co.,* 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965) (finding no private right of action under analogous statute, Bank Holding Company Act).

The CBCA is intended to protect depositors not shareholders. *See* 12 U.S.C. § 1817. Moreover, the CBCA leaves enforcement of the statute to the appropriate federal banking agency. 12 U.S.C. § 1817(j). Accordingly, the Court dismisses Plaintiffs claims alleging violations of the CBCA for failure to state a claim.

E. *Supplemental Jurisdiction*

 When federal claims serving as the basis of subject matter jurisdiction are dismissed, the court has broad discretion to remand any pendent state law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie–Mellon Univ.,* 484 U.S. at 348, 357, 108 S.Ct. 614; *see also Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254 (5th Cir.1990) (indicating decision whether to retain pendent state law claims is within the sound discretion of the district court). Pendent state law claims should be remanded when it would be in the best interest of "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ.,* 484 U.S. at 350, 108 S.Ct. 614. Moreover, "[w]hen the case has just begun and the federal claims have all been dismissed, the court should generally relinquish jurisdiction." *Riley v. Carson Pirie Scott & Co.,* 946 F.Supp. 716, 717 (E.D.Wis.1996) (citing *Carr v. CIGNA Sec., Inc.,* 95 F.3d 544, 546 (7th Cir.1996)).

Here, Plaintiffs' remaining claims include: (1) fraud and breach of fiduciary duty, (2) specific performance/rescission, (3) breach of contract, (4) declaratory judgment under state law that shares are

---

12. If Plaintiffs are allowed to dismiss their federal claim, it would undermine Defendants' removal and the Court would be faced with adjudicating a plethora of state law claims. If Plaintiffs are allowed to dismiss their state law claims, their remaining federal claim would likely be dismissed on the merits for failure to state a claim, as both parties now concede there is no private right of action under the CBCA. Either way, it is clear to this Court that Plaintiffs prefer a state law forum. The Court is of the opinion that Plaintiffs' original state court counsel should have contemplated the possibility of removal by Defendants, as well as the resulting events, when drafting the three separate state court petitions.

null and void and cannot be voted, (5) declaratory judgment regarding the rightful owner of shares, (6) fraud in a stock transaction in violation of section 27.01 of the Texas Business and Commerce Code, (7) common law fraud, (8) tortious interference with existing and prospective contracts and business relations, and (9) civil conspiracy. After consideration, the Court determines the weight of these factors requires a remand of the state law claims. Moreover, there is a related case in state court where Plaintiffs claims may be joined as counterclaims. Thus, no great loss of judicial resources will occur because of remand of the state law claims.

In conclusion, although Plaintiffs alleged a federal cause of action, the Court determines there is no private right of action conferred under the CBCA, and Plaintiffs' federal claim must be dismissed for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). As such, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs remaining state law claims. Therefore, the Court remands these claims to the 129th Judicial District Court of Harris County, Texas (Texas District Judge Grant Dorfman). Accordingly, the Court hereby

ORDERS that Defendant Kenneth Wu's Application for Injunctive Relief, Supplemental Application for Injunctive Relief, Second Supplement to Application for Injunctive Relief, Plaintiffs' Motion for Remand, and Plaintiffs' Motion for Leave to Amend are DENIED. The Court further

ORDERS Plaintiffs' claim for a violation of 12 U.S.C. § 1817(j) DISMISSED for failure to state a claim. Moreover, because the Court declines to exercise supplemental jurisdiction under 28 U.S.C.

§ 1367 over Plaintiffs' remaining state law claims, the Court further

ORDERS these remaining state law claims be REMANDED to the 129th Judicial District Court of Harris County, Texas.[13]

---

13. Because the Court is dismissing Plaintiffs' remaining state law claims, the Court declines to further address Plaintiffs' request for remand based on Defendants' artful pleading allegations.