**Julia JACKO, Plaintiff,**

v.

**THORN AMERICAS, INC., d/b/a Rent-A-Center and Nathaniel Mason, Defendants.**

**No. Civ.A. 1:00–CV–424.**

United States District Court, E.D. Texas, Beaumont Division.

Aug. 7, 2000.

Charlton P. Hornsby, Normand & Hornsby, Beaumont, TX, for plaintiff.

Elizabeth B Pratt, Mehaffy & Weber, Beaumont, TX, for defendant.

## MEMORANDUM AND ORDER

COBB, District Judge.

Before the court is Plaintiff's Motion to Remand [Dkt. # 5], and the court having reviewed the motion and response on file is of the opinion that the motion be GRANTED because defendant Thorn Americas (Thorn) waived its right to remove.

Plaintiff originally filed her petition in Texas State court on June 24, 1998 asserting claims under the Texas Commission on Human Rights Act, TEX.LAB.CODE § 21.001 *et seq.*, and for the intentional infliction of emotional distress. On March 29, 2000 Thorn filed a Motion for Summary Judgment on these claims. On May 25, 2000 the case became removable when the plaintiff amended her complaint and added a claim under Title VII, 42 U.S.C. § 2000e–2 *et seq.* On June 2, 2000 the state district court held a hearing on the summary judgment motion. On June 23, 2000 Thorn removed the case to this court on the basis of the new Title VII claim. Unbeknownst to Thorn, state district judge Floyd granted summary judgment for the defendant the day before on June 22, 2000.

In her motion to remand, Plaintiff argues that Thorn waived its right to remove by seeking relief in the state court. Specifically, plaintiff argues waiver occurred

when Thorn attended a hearing on its motion for summary judgment after it learned of the Title VII claim in the amended petition.

 The Fifth Circuit has long held that removal statutes are to be strictly construed against removal. *See Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979). A defendant may also waive its right to remove by proceeding to defend the action in state court or otherwise invoking the process of that court. *See Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986); *see also Bolivar Sand Co. v. Allied Equip., Inc.,* 631 F.Supp. 171, 172 (W.D.Tenn.1986) (noting that the right to remove may be waived by acts taken subsequent to the creation of the right that indicate a submission to the jurisdiction of the state court). The waiver must be clear and indicate a specific, positive intent to proceed in state court. *See Gore v. Stenson,* 616 F.Supp. 895, 898 (S.D.Tex.1984).

 There are two factors that will guide the court in determining when there is clear and specific intent and hence whether the right to remove has been waived. First, whether the actions were taken by the defendant in state court for the purpose of preserving the status quo, or did they manifest an intent to litigate the merits of the claim. Second, whether removal can be characterized as an appeal from an adverse judgment of the state court. *See Haynes v. Gasoline Marketers, Inc.,* 184 F.R.D. 414, 416 (M.D.Ala.1999). The second factor obviously does not apply in the present case.

 Since a motion for summary judgment seeks a resolution of a case on its merits, a defendant who seeks a summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates his clear intent to have the state court proceed on the merits of the case. *See Zbranek v. Hofheinz,* 727 F.Supp. 324, 325 (E.D.Tex.1989); *Bolivar Sand Co.,* 631 F.Supp. at 173 ("actions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent"); *see also Certain Underwriters at Lloyd's v. Bristol–Myers Squibb Co.,* 51 F.Supp.2d 756, 760 (E.D.Tex.1999) (waiver where defendant filed answers and motions, successfully severed, and enjoyed extensive discovery in state court for four years). On the other hand, filing an answer or extension of time will generally not constitute a waiver because such actions merely preserve the status quo. *See Gore,* 616 F.Supp. at 897–98; *Labry v. IRS,* 940 F.Supp. 148, 149 (E.D.La.1996).

In its response, Thorn cites a Florida district court case which held that filing a motion to dismiss for failure to state a claim did not constitute a waiver. *See Somoano v. Ryder Systems., Inc.,* 985 F.Supp. 1476, 1478 (S.D.Fla.1998). *Somoano* however, made clear that it was consistent with *Scholz v. RDV Sports, Inc.,* 821 F.Supp. 1469 (M.D.Fla.1993) (relying on *Demco*). *Scholz* held that filing a motion to dismiss with an answer and then seeking a hearing on the motion did constitute a waiver. *Id.* at 1471. While these cases are not binding on this court, they are nevertheless consistent with finding a waiver when a defendant both files and attends a hearing on a motion for summary judgment. Unlike a motion to dismiss for failure to state a claim, a motion for summary judgment seeks a resolution of the case on the merits of a claim and is not filed concomitantly with or in lieu of an answer. Second, as *Scholz* found, further intent is manifested when the defendant attends the hearing and asks the state judge to rule on the motion.[1]

---

1. As the court in *Somoano* noted, a Florida state court will not rule on a motion until a hearing is scheduled. 985 F.Supp. at 1478. Thus filing a motion to dismiss without requesting a hearing will not in itself seek resolution of the claim. Once a defendant seeks (as opposed to the plaintiff or the court sua sponte) a hearing on its motion, the right to remove would seem to be waived. *Id.* For a concise discussion of a defendant's options

In the present case the court is faced with the rather unique situation where a defendant removed a case the day after it won the motion. While the motion was filed before the case became removable, Thorn nevertheless chose to proceed with the hearing despite the obvious federal claim in the amended complaint. Thorn's participation in the June 2, 2000 hearing therefore constituted an affirmative invocation of the state court's jurisdiction; clearly, it intended to have the state court resolve the case.[2] The court therefore finds that Thorn waived its right to remove.

It is therefore, ORDERED, that Plaintiff's Motion to Remand is hereby GRANTED. Accordingly, this case is REMANDED to the 172nd Judicial District Court, Jefferson County, Texas from whence it was removed.

for removing a complaint which it believes fails to state a cause of action see *Moving to Dismiss in State Court Does not Waive Right to Remove,* 13 No. 3 FED. LITIGATOR 75.

2. The proper course of action would have been to either move for a continuance of the June 2nd motion hearing or remove the case before the hearing.