**Molly K. WOLFE, Plaintiff,**

v.

**WAL–MART CORP., and Frank Lacaria, individually, Defendants.**

**No. Civ.A. 1:01CV24.**

United States District Court, N.D. West Virginia.

March 19, 2001.

Michael J. Sharley, Westover, WV, for plaintiff, Molly K. Wolfe.

Roger A. Wolfe, W. Scott Evans, Jackson & Kelly, Charleston, WV, for defendants, Wal–Mart Corporation and Frank LaCaria, individually.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KEELEY, District Judge.

The Court has pending before it plaintiff's motion to remand this case to the Circuit Court of Monongalia County. By filing a motion for summary judgment in state court while on notice that the non-diverse defendant was being dismissed from the case, Wal–Mart engaged in substantive action in state court, thereby waiving its right to remove to federal court. Accordingly, the plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of Monongalia County for further proceedings.

## I. BACKGROUND

Molly Wolfe ["plaintiff"] filed her complaint in the Circuit Court of Monongalia County on February 18, 2000, alleging that Wal–Mart and the store manager of its Morgantown, West Virginia store, Frank Lacaria ["defendants"], had discriminated against her in violation of the West Virginia Human Rights Act. Ms. Wolfe, a young mentally-disabled woman, worked as a Sales Floor Associate in the toy department at Wal–Mart for less than a month before she was terminated. Ms. Wolfe worked with the assistance of a job coach provided, free of charge to Wal–Mart, through a program paid by the West Virginia Department of Rehabilitation.

Litigation proceeded in state court through the close of discovery on December 31, 2000, and the final pretrial conference held on January 5, 2001. At the final pretrial conference the parties were given dates for filing and responding to dispositive motions, as well as a trial date of April 3, 2001. After the final pretrial conference, counsel for Wal–Mart approached plaintiff's counsel and requested that Mr. Lacaria be dropped as a defendant from the lawsuit because the litigation was causing him considerable stress and his dismissal as a defendant would go a long way in promoting settlement. Counsel for Ms. Wolfe agreed to dismiss Mr. Lacaria. Accordingly, counsel for Wal–Mart prepared and signed the following stipulation:

> Pursuant to Rule 41(a) of the West Virginia Rules of Civil Procedure, the plaintiff, Molly Wolfe, agrees and stipulates to the voluntary dismissal with prejudice of the defendant Frank Lacaria from this action. The defendant Wal–Mart Stores, Inc., by counsel also agrees and stipulates to the voluntary dismissal with prejudice.

The stipulation was then forwarded to plaintiff's counsel, accompanied by an Agreed Order for the state judge's approval.

Plaintiff's counsel signed the stipulation and filed it with the state court on February 7, 2001, along with the proposed order. Judge Clawges of the Circuit Court of Monongalia County signed the Agreed Order dismissing Mr. Lacaria as a defendant. The order was entered on the state court's docket on February 8, 2001. Meanwhile, counsel for Wal–Mart filed a motion for summary judgment in the state court on February 8, 2001. Prior to submitting the motion, counsel did not call the Clerk of the Court or plaintiff's counsel or take any other steps to verify whether the stipulation to Mr. Lacaria's voluntary dismissal stipulation, which he had prepared, had already been filed.

Shortly thereafter, on February 16, 2001, Wal–Mart removed the case to federal court, based on this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The plaintiff filed a timely motion to remand on February 28, 2001, to which the defendant responded on March 12, 2001. The Court heard oral arguments on the motion to remand on March 15, 2001. The plaintiff argues that Wal–Mart engaged in substantial defensive action in this case, both prior to the dismissal of Mr. Lacaria, and post his dismissal with the filing of its summary judgment motion. Alternatively, plaintiff contends that this Court should abstain from hearing the case because it involves a difficult question of state law bearing on public policy, in that the West Virginia Supreme Court of Appeals has not yet decided whether "job support" is a reasonable accommodation of a disabled employee under the West Virginia Human Rights Act.

■ In response, Wal–Mart disputes that it engaged in substantive action in state court following Mr. Lacaria's dismissal because counsel was unaware that the stipulation had already been filed, even though he had prepared the stipulation and proposed order and forwarded them to plaintiff's counsel for signature and filing. Wal-mart correctly notes that engaging in discovery and filing motions prior to a case becoming removable does not result in a waiver of a party's right to remove an action that later becomes removable. Wal–Mart also disputes that a novel issue of state law is involved, but that, even it were, this would not justify the Court in abstaining and refusing to exercise its diversity jurisdiction over this case.

## II. *LAW*

### 1. *Jurisdiction*

■ Article III of the United States Constitution provides that federal courts are courts of limited jurisdiction. Their removal jurisdiction is limited by the statutory parameters set by Congress. This Court indisputably has diversity jurisdiction in the case at bar, under 28 U.S.C.

§ 1332, given the voluntary dismissal of the non-diverse defendant. The plaintiff is a West Virginia resident and the defendant is a Delaware corporation, with its principal place of business in Arkansas. Furthermore, the amount in controversy requirement of $75,000 has clearly been met given that the plaintiff seeks $250,000 in compensatory damages and $500,000 in punitive damages in her complaint.

### 2. *Timing of Removal*

Although 28 U.S.C. § 1441 gives the defendant the right to remove this action on diversity grounds, the procedures for removal are set forth in 28 U.S.C. § 1446. In particular, section 1446(b) sets forth the time requirements for removal:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Wal–Mart's notice of removal was timely because it was filed on February 16, 2001, within 30 days of the February 7, 2001 stipulation dismissing the non-diverse defendant, Mr. Lacaria. Given that the plaintiff commenced her action in state court on February 18, 2000, Wal–Mart narrowly avoided the one year cut off period for removal in diversity cases.

### 3. *Waiver of Right to Remove*

■ Despite the fact that this Court has subject matter jurisdiction and the removal petition was filed within the thirty day period provided for by statute, removal may still be improper if Wal–Mart manifested an intent to litigate in state court, thereby waiving its right to remove. *See Heafitz v. Interfirst Bank of Dallas*, 711

F.Supp. 92 (S.D.N.Y.1989). A defendant may waive its right to remove a state court action to federal court if it submits to the state court's jurisdiction, such as by seeking some form of affirmative relief from the state court when it is not compelled to take such action. *See* Moore's Federal Practice § 107.18[3][a].

In *Aqualon Co. v. MAC Equip., Inc.,* 149 F.3d 262 (4th Cir.1998), the defendant filed removal papers in federal court and then, an hour later, filed its notice of removal and a motion for judgment against a third party defendant in state court. The plaintiff objected to the removal, arguing that the defendant had waived its right to remove by filing its motion for judgment in state court. The district court denied the motion to remand and the Fourth Circuit affirmed, noting that "[a] defendant may waive the right to remove by taking some such defensive action in the state court before petitioning for removal. However, waiver by conduct does not exist when removal ... precedes any state court action." 149 F.3d at 264.

In *Akin v. Ashland Chemical Co.,* 156 F.3d 1030 (10th Cir.1998), the defendants successfully removed the case to federal court, where the removal occurred within thirty days of the defendants receiving notice that the case was removable, pursuant to Article I of the United States Constitution which gives the United States exclusive jurisdiction over federal enclaves, such as the air force base involved in the action. The defendant received the first clear notice that the case was removable in an answer to an interrogatory. Such notice came *after* one of the defendant had filed a motion for summary judgment. The Tenth Circuit declined to find a waiver of the right to remove and ruled "that a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove." 156 F.3d at 1036.

■ However, where a defendant has notice of the right to remove but continues to litigate in state court, prior to filing a notice of removal, the defendant will be considered to have waived its right to remove. *See Baldwin v. Perdue*, 451 F.Supp. 373 (E.D.Va.1978) (holding that defendant's filing of cross-claim in state court prior to removing action constituted a waiver of the right to remove); *Sood v. Advanced Computer Techniques Corp.*, 308 F.Supp. 239 (E.D.Va.1969) (finding that defendant waived right to remove by filing a voluntary counterclaim in state court).

In *Jackò v. Thorn Americas, Inc.*, 121 F.Supp.2d 574 (E.D.Tex.2000), after the defendant filed a motion for summary judgment, the plaintiff amended her complaint to add a Title VII claim, following which a hearing on the summary judgment motion was held. The district court found that the defendant, by choosing to proceed with the summary judgment hearing, despite the obvious federal claim in the amended complaint, had affirmatively invoked the state court's jurisdiction and thereby waived its right to remove the action to federal court. 121 F.Supp.2d at 577. The court held that "a defendant who seeks summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates his clear intent to have the state court proceed on the merits of the case." 121 F.Supp.2d at 576. *See also Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469, 1470 (M.D.Fla.1993) (finding that an action in state court seeking to dispose of the claims alleged, as opposed to preserving the status quo in state court, constitutes a waiver).

■ Although Wal–Mart contends that it had to file its summary judgment motion in order to comply with the dispositive motion deadline in state court, courts have found this argument to be unpersuasive. For example, in *Heafitz v. Interfirst Bank of Dallas*, 711 F.Supp. 92 (S.D.N.Y.1989), the defendant argued that, by filing its reply brief to its motion to dismiss because it was required to do so, it had not intended to waive its right to remove to federal court. The district court rejected this argument, distinguishing between defensive actions in state court which do not result in a waiver, and those seeking a final determination on the ultimate merits of the controversy. "The basic inquiry involves the nature of the action taken in state court before the removal petition is filed." 711 F.Supp. at 96. Where, as in the case before this Court, the defendant seeks an ultimate determination on the merits of the case, the wiser course of action is to remove the case and then file the dispositive motion in federal court. *Id.* at 97.

### III. *DISCUSSION*

■ Unlike in *Aqualon*, the motion for summary judgment in this case was filed after the stipulation, which formally made the case removable, had been filed but before the case was removed. 149 F.3d 262. Furthermore, Wal–Mart had adequate and unequivocal notice that this action was removable given that its counsel initiated the discussion over voluntarily dismissing the non-diverse defendant, obtained plaintiff's agreement to the dismissal, prepared and signed the stipulation, and then forwarded the stipulation and proposed order to plaintiff's counsel. Wal–Mart's failure to follow up or confirm that the stipulation had been filed does not justify a finding that it did not waive its right to remove where it was aware that plaintiff had already agreed to dismiss Mr. Lacaria. Although Wal–Mart faced a dilemma in that its summary judgment motion was over-due in state court, it could have taken steps to protect itself from the situation in which it now finds itself. The result in this case would have been very different had Ms. Wolfe voluntarily dismissed Mr. Lacaria without any prompting or assistance from Wal–Mart, and had Wal–Mart unwittingly filed its motion for summary judgment in state court the day

after such dismissal but prior to receiving notice of the dismissal.

Therefore, because Wal–Mart's motion for summary judgment sought a resolution of the case on its merits from the state court judge and was filed after Wal–Mart had notice that case had become removable, its actions in state court show an intent to litigate in state court, resulting in waiver of its right to remove.

## IV. *CONCLUSION*

Accordingly, the Court **GRANTS** plaintiff's motion to remand [Docket No. 4] and the court **REMANDS** this civil action to the Circuit Court of Monongalia County for further proceedings.

The Clerk of the Court is directed to forward a certified copy of this Order, along with a certified copy of the record in this matter, to the Clerk of the Circuit Court of Monongalia County, West Virginia for further. proceedings consistent with this Order. Given that all matters pending before this Court have been resolved, this case is **DISMISSED** from the docket of the Court.

It is so **ORDERED.**