**HYDRO–ACTION, INC., Plaintiff,**

v.

**Jesse JAMES, Individually, and d/b/a James Backhoe Service of Dietrich, Illinois, Inc., and Septic Solutions, Inc.**

**Civil Action No. 1:02–CV–00619.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 11, 2002.

Bruce Manuel Partain, of Wells, Peyton, Greenberg & Hunt, Beaumont, TX, for Plaintiff.

Michael John Lindsay, John Stephen Morgan of Snider & Morgan, Beaumont, TX, for Defendants (who are also third-party plaintiffs).

Mitchell A. Toups of Weller, Green, Toups & Terrell, LLP, Beaumont, TX, for Thomas Industries (third-party defendant).

## ORDER AND OPINION DENYING MOTION TO REMAND

SCHELL, District Judge.

This matter is before the court on "Plaintiff, Hydro–Action, Inc.'s Motion to Remand" filed on September 26, 2002 (Dkt.# 3). Defendants filed a response in opposition on October 16, 2002 (Dkt.# 4). Upon consideration of the motion, response, and applicable law, the court is of the opinion that the motion to remand should be DENIED.

## I. BACKGROUND

This cause of action was originally filed by Hydro–Action, Inc. ("Hydro–Action") in the 60th Judicial District Court of Jefferson County, Texas, alleging claims for theft of trade secrets, misappropriation of confidential information, and breach of contract against Jesse James, individually, and d/b/a James Backhoe Service of Dietrick, Illinois, Inc., and Septic Solutions, Inc. (collectively "Defendants"). Defendants filed a third-party petition in

state court against Thomas Industries for violation of the Texas Deceptive Trade Practices Act and breach of warranty. Complete diversity of citizenship is not disputed.

## II.  ANALYSIS

■ A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). The federal removal statute should be strictly construed because it deprives a state court of a case properly before it, thereby implicating important federalism concerns. *Id.* at 365 (citations omitted). Any doubts regarding the propriety of removal are to be resolved in the favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Hydro–Action raised five grounds for remand of this case to state court: (1) Defendants' removal was not timely filed; (2) the amount in controversy is less than $75,000; (3) Hydro–Action anticipates diversity will be destroyed by it adding a non-diverse defendant in the future; (4) Defendants have waived their right to removal by conducting discovery and asking the state court for affirmative relief; and (5) not all defendants have timely consented to removal. *Pl.'s Mot. to Remand*, at 4–6. Defendants responded only to the first two grounds for remand. Defendants contend that they removed to federal court within thirty days of discovering that the amount in controversy exceeded the jurisdictional minimum. Additionally, Defendants argue that the amount in controversy clearly exceeds $75,000. *Defs.' Resp. to Pl.'s Mot. to Remand*, at 1–2. The court

will consider each independent ground for remand in turn.

### 1.  Timeliness of Removal

■ The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b), which creates a 30–day limitation period for removing cases. Removal statutes are to be strictly construed against the removing party. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir.1986)). The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then the notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992).

Hydro–Action stated in its original petition that it was seeking damages not exceeding $70,000. *Pl.'s Orig. Pet.* at 8. Therefore, the original petition did not "affirmatively reveal[ ] on its face" that the damages sought were in excess of $75,000. *See Chapman*, 969 F.2d at 163. Hydro–Action contends that the thirty-day window for the defendants to remove this case began to run upon defendants receipt of the initial state court petition. This argument is contrary to the bright-line rule of *Chapman* that a plaintiff wishing to have the thirty-day removal period begin with receipt of the initial pleading must place a specific allegation in that initial pleading that damages are in excess of the federal jurisdictional amount. *Chapman*, 969 F.2d at 163. Recently, in dictum, the Fifth Circuit has expressly reaffirmed the holding in *Chapman*. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir.2002). Defendants' thirty-day window began when it could be first ascertained that the actual amount in controversy exceeds the juris-

dictional minimum for diversity jurisdiction. The triggering event, therefore, is the testimony of Hydro–Action's president, Gig Drewery, during the hearing in state court on the motion for temporary injunction on August 20, 2002. Drewery testified that the actions of the Defendants were causing substantial damage to Hydro–Action, a business with annual gross revenues averaging approximately $4,800,000. *Not. of Removal,* Ex. 1, at 10. Defendants timely removed the state court action to this court within thirty days of that testimony.

### 2. Amount in Controversy

■ The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999). One way for the defendant to meet this burden is to set forth facts in the removal petition that support a finding of the requisite amount. *Id.* The testimony of Drewery is sufficient evidence to establish that the amount in controversy exceeds $75,000. *See Not. of Removal,* Ex. 1, at 6–8, 10 (discussing damages).

### 3. Potential Addition of Non–Diverse Party

■ Hydro–Action states that it intends to add Larry Jernigan as a defendant in this action. Jernigan is from Lumberton, Texas, and would destroy complete diversity. *Pl.'s Mot. to Remand* at 5. While the addition of Jernigan as a party could divest this court of jurisdiction, that issue is not properly before the court at this time. *See* 28 U.S.C § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.").

### 4. Waiver of Right to Removal

■ A defendant may waive its right to removal "by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986) (citing *Schell v. Food Machinery Corp.,* 87 F.2d 385, 388 (5th Cir.1937)). "The waiver must be clear and indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Ams., Inc.,* 121 F.Supp.2d 574, 576 (E.D.Tex.2000) (Cobb, J.).

In the instant case, the Defendants have in fact taken actions in state court. The deposition of one of the named defendants, Jesse James, was taken on July 10, 2002, and requests for production were propounded against Hydro–Action. *Defs.' Resp. to Mot. to Remand,* ¶ 9. Additionally, Defendants filed a third-party petition against Thomas Industries on August 13, 2002, and a counter-claim against Hydro–Action on August 15, 2002. *Not. of Removal.* A temporary injunction hearing was held on August 15–20, 2002. At the hearing, Defendants presented evidence and requested that the trial judge defer a ruling to allow the parties to negotiate a settlement. *Pl.'s Mot. to Remand,* at 6. No settlement was reached, and Defendants removed the case to this court on September 13, 2002.

Neither of the cases cited by Hydro–Action in support of its waiver argument are dispositive of the instant circumstances. In *Brown,* the defendant had proceeded in state court for *four* years. 792 F.2d at 481. Subsequently, when an additional defendant was brought into the action, the Fifth Circuit ruled that the original defendant had waived its ability to consent to the removal by that third-party defendant. *Id.* In *Johnson v. Heublein, Inc.,* the Fifth Circuit found that the defendants had waived their right to remove

the state action by failing to timely file a notice of removal and by filing motions to dismiss and a motion for summary judgment in state court. 227 F.3d 236, 244 (5th Cir.2000).

Both cases are distinguishable based on the extent of activity in state court and the removability of the initial state court petition. As explained previously, this action only became removable when Drewery testified as to the potential damages. Any actions taken in state court before it became ascertainable that the case was removable cannot logically be indicative of a decision by the Defendants to continue in state court rather than federal court. Therefore, in considering whether Defendants have waived their right to removal, the court will only consider actions taken after the temporary injunction hearing.[1] *McKnight v. Ill. Cent. R.R.*, 967 F.Supp. 182, 186 (E.D.La.1997) (analyzing only acts taken in state court after the creation of the right to remove) (citing *Fain v. Biltmore Securities*, 166 F.R.D. 39, 40 (M.D.Ala.1996)).

██ The only action taken in state court by the Defendants after discovering that federal jurisdiction existed was their request that the court defer ruling on the motion for temporary injunction in order to allow the parties to attempt to settle. Rather than actively seeking relief from the court subsequent to the opportunity to remove arising, the Defendants actually sought abstention from the state court. Therefore, Defendants did not waive their right to removal by "invoking the jurisdiction of the state court in resolving the issues presented by the original complaint." *See Johnson*, 227 F.3d at 244.

### 5. Consent of all Defendants

All properly joined defendants must timely file for, or officially consent to, the Notice of Removal. *Getty Oil Co. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–3 (5th Cir.1988). Thomas Industries did not timely consent to removal. Therefore, if Thomas Industries was required to consent to removal, this case must be remanded to state court for failure to abide by the statutory requirements. *Id.*

██ The case at bar differs significantly from a situation involving co-defendants. There must be unanimity of co-defendants on removal. Thus, if one co-defendant files a notice of removal, all co-defendants must timely remove or consent to removal, or the case must be remanded. *Id.* at 1262 n. 11. Defendants and Thomas Industries, however, are not co-defendants. Defendants have filed a third-party claim, separate from the original claim filed by Hydro–Action, against Thomas In-

---

1. Even if the court were to consider Defendants' actions in state court taken before discovering that the federal jurisdictional amount in controversy could be met, waiver of the right to removal has not been established. In *Jacko*, Judge Cobb distinguished between actions taken in state court that merely seek to preserve the status quo as opposed to the those that manifest an intent to litigate on the merits of the claim. 121 F.Supp.2d at 576. Conducting limited discovery and filing counter and cross-claims does not seek a resolution of the dispute on the merits. *See also Certain Underwriters at Lloyd's v. Bristol–Myers Squibb Co.*, 51 F.Supp.2d 756, 760 (E.D.Tex.1999) (finding waiver when defendant had "ample time and many valid and solid opportunities to remove" but had failed to remove); *Bourdier v. Diamond M Odeco Drilling, Inc.*, 1994 WL 25526 (E.D.La.1994) (concluding that waiver is meant to prevent a defendant from experimenting in state court or using federal court to appeal an adverse state court ruling); *Heafitz v. Interfirst Bank of Dallas*, 711 F.Supp. 92, 96–7 (S.D.N.Y.1989) (filing a motion to dismiss constituted waiver). Additionally, Defendants defending themselves against a temporary injunction is insufficient to constitute waiver. *See Miami Herald Publ'g Co. v. Ferre*, 606 F.Supp. 122 (S.D.Fla.1984).

dustries for damages to Defendants caused by Thomas Industries' actions. If the third-party petition is successful, Thomas Industries would be liable to Defendants, not Hydro–Action. Defendants attempt to remove is based on the removal of the original claim brought by Hydro–Action. A plaintiff cannot remove an action, and, therefore, Defendants as third-party plaintiffs cannot independently remove the claims they brought against third-party defendant Thomas Industries. But, Defendants may remove the original claim, and also remove the third-party claim they filed because that claim is separate and independent. *See Henry v. Indep. American Savings Ass'n,* 857 F.2d 995, 999 (5th Cir.1988) (considering the ability of a co-defendant to remove a cross-claim, and thus the entire action). Thomas Industries, as a third-party defendant had the right to object to the removal of the claim against it, but has chosen not to. Therefore, Defendants did not need the timely consent of Thomas Industries to remove this action from state court.

## III. CONCLUSION

Upon consideration of the briefing an applicable law, the court is of the opinion that the case is properly before this court. Therefore Hydro–Action's motion to remand is hereby DENIED.

It is so ORDERED.