**Kevin NIXON and Brandon Ancelet Plaintiffs,**

v.

**Buryl WHEATLEY and P D George Company, Defendants.**

**No. 1:05–CV–051.**

United States District Court, E.D. Texas, Beaumont Division.

March 24, 2005.

Craig J. Schexnaider, Beaumont, TX, for Plaintiffs.

Michael Murphy Gallagher and Shannon, Ramirez of Hays, McConn Rice & Pickering, Houston, TX, for Defendants.

## MEMORANDUM AND ORDER

CRONE, District Judge.

Pending before the court is Plaintiffs Kevin Nixon ("Nixon") and Brandon Ancelet's ("Ancelet") Motion to Remand (# 5). Plaintiffs seek remand to state court of this personal injury action against Defendants Buryl Wheatley ("Wheatley")

and P D George Company ("George"), asserting that Defendants did not obtain written consent for removal from both Wheatley and George, Defendants failed to file a copy of the notice of removal with the state court in a timely manner, and Defendants waived their right to remove. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

### I. Background

On December 30, 2004, Plaintiffs filed suit in the 260th Judicial District Court of Orange County, Texas, against Defendants, alleging that on January 3, 2003, they were injured when the vehicle in which they were riding collided with a vehicle driven by Wheatley, who was allegedly operating a vehicle owned by George within the course and scope of his agency and/or employment with George. Plaintiffs allege that Wheatley was negligent in his operation of the vehicle and was negligent *per se* in violation of the Texas Uniform Traffic Act. *See* TEX. TRANSP. CODE ANN. § 545.401.

On January 26, 2005, Defendants, who are represented by the same attorney, timely removed the case to federal court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity of citizenship, alleging that complete diversity exists between the parties and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Defendants filed a copy of their notice of removal with the Orange County District Clerk's Office on February 17, 2005.

Plaintiffs filed their motion to remand on February 16, 2005, contending that the removal was procedurally defective on the grounds that both Wheatley and George did not sign the notice of removal or a separate form agreeing to the notice of

removal, a copy of the notice of removal was not timely filed with the Orange County District Clerk's Office, and Defendants waived their right to remove by serving discovery requests upon Plaintiffs.

## II. *Analysis*

### A. *Federal Jurisdiction in Removed Actions*

■ "Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of Comptroller of the Currency of United States*, 362 F.3d 333, 336 (5th Cir. 2004); *accord Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332; *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, ——, 124 S.Ct. 1920, 1923 n. 1, 158 L.Ed.2d 866 (2004); *Howery*, 243 F.3d at 914–15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). In a removed action, a district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *Howery*, 243 F.3d at 919; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

■ The existence of federal subject matter jurisdiction is determined at the time of removal from state court. *See Bissonnet Invs. LLC v. Quinlan*, 320 F.3d 520, 525 (5th Cir.2003) (citing *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir.2001)). In order to determine whether jurisdiction is present, the claims set forth in the state court petition are considered as of the time of removal. *See Manguno*, 276 F.3d at 723; *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995). Any ambiguities are construed against removal because the removal statute is strictly construed in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002); *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000).

### 1. *Consent to Removal*

■ The procedure for effectuating removal is set forth in 28 U.S.C. § 1446. *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir.2000). Section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). While not stated explicitly in the statute, removal generally requires the joinder or consent of all the named and served defendants. *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510

U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir.1992); *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1261 (5th Cir.1988); *McCrary v. Kansas City S. R.R.*, 121 F.Supp.2d 566, 570 (E.D.Tex.2000). The courts have read the governing statute to mean that, "if there is only one defendant then that defendant may remove the case; however, if there is more than one defendant, then the defendants must act collectively to remove the case." *Doe*, 969 F.2d at 167. Hence, although "[t]here is no express statutory requirement for joinder or consent by co-defendants ... the case law firmly establishes this requirement, which is known as the 'rule of unanimity.'" *Spillers v. Tillman*, 959 F.Supp. 364, 368 (S.D.Miss.1997) (quoting *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va.1993)); *see Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247–48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

■ The United States Court of Appeals for the Fifth Circuit has held that there must be a timely filed, written indication from each served defendant, or from some person purporting to act formally on his behalf and with the authority to do so, that he has actually consented to removal. *See Gillis*, 294 F.3d at 759; *Getty Oil Corp.*, 841 F.2d at 1262 n. 11; *Spillers*, 959 F.Supp. at 369. "Although it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served." *Id.* at 368. Under the general rule, the failure to include all defendants properly joined and served in the state action renders the notice of removal defective. *See Farias*, 925 F.2d at 871;

*Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F.Supp. 163, 165 (N.D.Tex.1994). Nonetheless, such failure is a waivable, non-jurisdictional defect. *See Johnson*, 892 F.2d at 423; *Robertson v. Ball*, 534 F.2d 63, 64–65 (5th Cir.1976); *Moody v. Commercial Ins. Co.*, 753 F.Supp. 198, 200 (N.D.Tex.1990); *Intercoastal Refining Co. v. Jalil*, 487 F.Supp. 606, 608 (S.D.Tex.1980).

■ In the case at bar, Wheatley and George are represented by the same counsel. In the notice of removal, Defendants state that "both defendants file and join in this Notice of Removal." Plaintiffs assert that Defendants' notice was defective because neither Wheatley nor George signed the notice of removal "or a separate form agreeing to the notice of removal." Defendants, however, need not have personally signed the notice of removal. *See Getty Oil Corp.*, 841 F.2d at 1262 n. 11. It is sufficient that consent to removal come "from some person purporting to act formally on [the defendant's] behalf and with the authority to do so." *Id.; accord Gillis*, 294 F.3d at 759. Here, Defendants' counsel had the authority to remove on their behalf and did so. *See id.* As a consequence, the proper parties joined in the notice of removal, and remand for lack of consent is unfounded.

2. *Filing Notice of Removal in State Court*

Plaintiffs further allege that Defendants' removal was defective because they did not timely file a copy of the notice of removal with the state court. Section 1446(d) provides:

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court

shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Here, Defendants filed their notice of removal in federal court on January 26, 2005, and on February 17, 2005, the Orange County District Clerk's Office received a file-stamped copy of the notice. Plaintiffs contend that the elapse of twenty-two days between Defendants' filing their notice of removal in federal court and their filing a copy of the notice in state court was not "prompt," and, thus, removal was not properly effected. Although § 1446(d) does not define "promptly," remand may be appropriate "when there is undue delay" in filing the copy of the notice of removal. *Parker v. Malone*, No. Civ. A. 7:03CV00742, 2004 WL 190430, at *1 (W.D.Va. Jan.15, 2004) (citing 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3736 (3d ed.1998)). In the context of § 1446(d), however, "the word 'promptly' has not been construed to mean simultaneously." *Manufacturers & Traders Trust Co. v. Hartford Accident & Indem. Co.*, 434 F.Supp. 1053, 1055 (W.D.N.Y.1977); *see Whitney v. Wal–Mart Stores, Inc.*, No. Civ. 04–38–P–H, 2004 WL 1941345, at *1 (D.Me. Aug.31, 2004) (six-month delay in filing a copy of the notice of removal in state court did not thwart the purpose of the removal statute); *Parker*, 2004 WL 190430, at *2 (twenty-two day delay in notifying the state court clerk of removal was sufficiently prompt and did not upset any statutory purpose).

■■■ Moreover, filing a copy of the notice of removal in state court is a procedural act, and failure to do so does not defeat the federal court's jurisdiction. *See Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547–48 (5th Cir.1985); *Poly Prods. Corp. v. AT&T Nassau Metals, Inc.*, 839 F.Supp. 1238, 1240 (E.D.Tex.1993). "[F]ederal jurisdiction commences when the defendant files the notice of removal with the district court, and filing the notice with the state clerk affects the state's jurisdiction rather than federal jurisdiction." *Parker*, 2004 WL 190430, at *2 (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir.1997)); *see Linden v. Chase Manhattan Corp.*, 52 F.Supp.2d 387, 388 (S.D.N.Y. 1999) (holding that "the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed") (quoting *Berberian v. Gibney*, 514 F.2d 790, 792–93 (1st Cir.1975)).

■■■ The purpose of filing a copy of the removal petition with the state court "is to inform the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not." *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F.Supp. 434, 437 (S.D.Tex. 1962); *see Hampton v. Union Pac. R.R. Co.*, 81 F.Supp.2d 703, 705 (E.D.Tex.1999); 14C FEDERAL PRACTICE & PROCEDURE § 3736. A review of the state court record in the case at bar reveals that no action was taken by the state court between January 26, when the notice of removal was filed in federal court and February 17, when a copy of the notice was filed in state court. Therefore, the passage of twenty-two days prior to Defendants' filing a copy of the notice of removal with the Orange County District Clerk did not result in any action by the state court, and the purpose of § 1446(d) would not be undermined by this court's exercise of jurisdiction. Hence, Defendants' actions in effecting removal were reasonably prompt under the circumstances, and remand based on undue delay in filing the notice of removal in state court is inappropriate.

3. *Waiver*

■■■ A defendant may waive its right to removal "by proceeding to defend

the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). This waiver, however, "must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner–Lambert Co.*, 327 F.3d 423, 428 (5th Cir.2003) (citing *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir.1989) (quoting 1A JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 0.157[9] at 153 (3d ed.1987))); *see City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir.2004), *cert. denied*, —— U.S. ——, 125 S.Ct. 1396, 161 L.Ed.2d 189 (2005); *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F.Supp.2d 885, 889 (S.D.Tex. 2003). Further, the waiver must "indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.*, 121 F.Supp.2d 574, 575 (E.D.Tex. 2000).

■ To determine whether there is clear and specific intent sufficient to waive removal, it is necessary to establish "whether the actions were taken by the defendant in state court for the purpose of preserving the status quo, or did they manifest an intent to litigate the merits of the claim." *Id.* at 576. " 'Actions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent.' " *Id.* (quoting *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F.Supp. 171, 173 (W.D.Tenn.1986)). In the instant case, Plaintiffs allege that Defendants waived the right to remove this lawsuit by serving "considerable discovery" before they removed the case to federal court and by sending Plaintiffs notices of intent to depose certain individuals after removal, which still bear the state court style. Defendants contend that their actions did not evince a clear and specific intent to proceed in state court.

■ The record reflects that, prior to removal, Defendants engaged in limited activity in state court, including filing an original answer and sending interrogatories, a request for production, and a request for disclosure to Plaintiffs. It is apparent that "[c]onducting limited discovery and filing counter and cross-claims does not seek a resolution of the dispute on the merits." *Hydro–Action, Inc. v. Jesse James*, 233 F.Supp.2d 836, 840 n. 1 (E.D.Tex.2002). Engaging in such limited, non-dispositive activity in state court prior to removal does not demonstrate a specific and positive intent to proceed in that forum. As for the discovery propounded after removal, Defendants maintain that placing the state court style on the notices was merely a clerical error. Although Defendants' counsel should have been more careful, this oversight is immaterial and does not indicate an intent on behalf of Defendants to waive their right to remove. Accordingly, Plaintiffs' assertion of waiver is without merit, and remand on that ground is not required.

### III. *Conclusion*

In summary, in the case at bar, both Wheatley and George consented to and joined in the notice of removal, a copy of the notice was filed in a reasonably timely manner in state court, and Defendants did not waive their right to remove this action by engaging in limited discovery in the state court action. Therefore, the removal of this case was properly effected, it falls within this court's diversity jurisdiction, and remand is not warranted.

Accordingly, Plaintiffs' Motion to Remand is DENIED.

IT IS SO ORDERED.