Cristina **PENA**, Plaintiff,

v.

**HOME DEPOT U.S.A., INC.,** Defendant.

**Civil No. B–12–193.**

United States District Court, S.D. Texas, Brownsville Division.

Signed Dec. 13, 2012.

23. R. Doc. No. 159–1.

Peter Michael Zavaletta, The Zavaletta Law Firm, Brownsville, TX, for Plaintiff Cristina Pena.

Arthur K. Smith, III, Law Offices of Arthur K. Smith PC, Allen, TX, for Defendant Home Depot U.S.A., Inc.

## ORDER

ANDREW S. HANEN, District Judge.

## I. INTRODUCTION

The issue before the Court is whether Home Depot U.S.A., Inc. ("Home Depot") improperly removed this case to federal court. While nominally a simple issue, this case presents a factual scenario that only a civil procedure professor would love. Plaintiff Cristina Pena initially filed suit against Home Depot in state court on November 23, 2011. Defendants then removed the case to federal court on September 25, 2012 [Doc. No. 1]. Plaintiff shortly thereafter filed a Motion to Remand [Doc. No. 4]. She asserts two principal arguments for why this Court should remand the case: (1) Home Depot's removal was untimely; and (2) Home Depot

has waived its right to removal. [Pl.'s Reply to Def.'s Resp. to Mot. to Remand at 1–2, Doc. No. 6]. This Court concludes that the removal was timely and that Defendant has not waived its right to remove the instant case. Accordingly, Plaintiff's Motion to Remand is **DENIED.**

## II. PROCEEDINGS

In Plaintiff's original petition filed in state court, attached to Defendant's Notice to Removal as Exhibit B–2 [Doc. No. 1–3], Plaintiff alleged to have "suffered serious, permanent and debilitating injuries" resulting from a slip-and-fall incident in one of Defendant's stores. [*Id.* ¶ 4.0]. She claimed that these injuries were caused by Defendant's negligence, and in her prayer for relief included only a statement that the damages sought exceeded the minimum of the state court's jurisdictional limits, per the dictates of Rule 47 of the Texas Rules of Civil Procedure. [*Id.* ¶ 5.0].

Defendant was served on March 23, 2012 and filed its Original Answer on April 17th.[1] On April 13th, it had sent its first discovery requests to Plaintiff. [Def.'s Mot. to Compel Ex. A, July 26, 2012, Doc. No. 5–1]. Plaintiff failed to timely respond. [Def.'s Resp. to Pl.'s Mot. to Remand at 2, Doc. No. 5]. Defendant then filed for summary judgment in state court on June 1st. At this point, Plaintiff still had not responded to the discovery requests. Consequently, Home Depot contacted Pena inquiring about the delay on June 29th. [Def.'s Mot. to Compel Ex. B, July 26, 2012, Doc. No. 5–1].

During the month of July, the Parties aggressively litigated Defendant's Motion

for Summary Judgment in state court, including attending a hearing on July 24th and filing sur-responses and replies. On July 26, 2012, Defendant also filed a Motion to Compel Plaintiff's response to the discovery requests initially served on April 13th, which was granted on August 27th. Pursuant to this order, Defendant finally received the discovery response on September 13, 2012 [Doc. No. 5–5]. In her response, Plaintiff stated for the first time that she sought $410,000 in damages. [*Id.* at 3].

That same day, Defendant sent a letter to the state court clerk requesting a copy of the return of service for Home Depot. [Doc. No. 5–7]. "The document was requested because it needed to be filed in federal court in connection with removal." [Doc. No. 5 at 4]. There is also evidence of an internal e-mail sent September 16th, in which Defendant's counsel clearly documented his intent to remove the case. [Doc. No. 5–6].[2]

On September 19th, the state court ruled on the pending Motion for Summary Judgment in Plaintiff's favor [Doc. No. 4–5]. According to Defendant's briefing, however, Home Depot was not aware of the state court's ruling until September 26th. [Doc. No. 5 at 4; Decl. of Arthur K. Smith ¶ 4, Doc. No. 5–6].

On September 22nd, Defendant received the return of service from the state court clerk, "which was needed to attach to the Notice of Removal." [Doc. No. 5–6 ¶ 3]. Defendant filed its Notice of Removal in this Court on September 25th. As noted above, Defendant presumably was not

1. In constructing the timeline of events before the state court, and unless otherwise noted, the Court refers to the state court docket sheet attached to Defendant's Notice of Removal as Exhibit B–1. [Doc. No. 1–2].

2. The full text of the e-mail, which was sent by Arthur K. Smith, attorney-in-charge for the defense, to internal staff members Una Broussard and Robert Ewert, reads: "I would like to remove this as early as possible this coming week. Thanks." [Doc. No. 5–6].

aware of the state court's adverse ruling on its summary judgment motion until the day after removal. Plaintiff, while not agreeing with Defendant on the ultimate issue, does not dispute the timeline in question.

## III. DISCUSSION

### A. Home Depot Timely Removed the Case to Federal Court

Title 28 U.S.C. § 1446(b) provides that a defendant must remove a pending state court action within 30 days "after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b) (2006). The statute further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant ... of ... other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* The primary dispute here is whether Plaintiff's initial pleading, served on Defendant on March 23, 2012, or Plaintiff's Response to Defendant's first Requests for Disclosure, sent to Defendant on September 13, 2012, triggered the 30–day deadline for timely removal. Defen-

dant's Notice of Removal was filed in this Court on September 25, 2012.

■ Plaintiff contends that the time for removal should be calculated from March 23rd, the date when Defendant was first served with her initial pleading. The Fifth Circuit has held, however, that "the thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir.1992). "[T]he majority of district courts in this Circuit construe *Chapman* as holding that the defendant's receipt of an initial pleading triggers the removal period even when the pleading does not specifically recount numerical damages." *Napier v. Humana Marketpoint, Inc.,* 826 F.Supp.2d 984, 988 (N.D.Tex.2011). The test is rather "whether the face of the [plaintiff's] Original Petition would have put a reasonable defendant on notice that the amount in controversy exceeded $75,000." *Id.*[3]

The Court does not find that Plaintiff's Original Petition would have "put a reasonable defendant on notice" that Plaintiff

---

**3.** This jurisprudence may eventually be rendered moot by recent statutory changes to § 1446 specifically addressing the situation in which state procedural rules prohibit a plaintiff from initially pleading an amount in controversy. The new rule provides that in those instances, the notice of removal may assert the amount in controversy, and the district court may rule on whether the amount is within the jurisdictional limits of the federal courts under a preponderance of the evidence standard. 28 U.S.C.A. § 1446(c)(2) (West 2012). The pertinent portion of Section 1446(c)(2) reads:

If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good

faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks ... (ii) a money judgment, but the State practice ... does not permit demand for a specific sum ...

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*Id.*

sought to recover more than $75,000. This suit arises out of a slip and fall incident in one of Defendant's stores. While the petition does claim that Plaintiff "suffered serious, permanent and debilitating injuries," the factual description of the injuries only alleges that following the accident, Plaintiff "immediately felt 'pressure' in her back, and her knee began hurting." [Doc. No. 1–3 ¶ 4.0]. The petition then requests damages for "medical care, including surgery," pain and suffering, mental anguish, physical impairment, loss of household services, loss of consortium and loss of earning capacity. [*Id.* ¶ 5.0]. In contrast to the petitions at issue in *Cross v. Bell Helmets,* 927 F.Supp. 209 (E.D.Tex.1996), and *Carleton v. CRC Indus., Inc.,* 49 F.Supp.2d 961 (S.D.Tex.1999), both of which Plaintiff cited in support of her Motion [*see* Doc. No. 6 at 4], there are no allegations here of a potentially fatal injury or condition, nor was a request for punitive damages made.

Plaintiff emphasizes, and appears to argue, that the fact that a surgery was mentioned in the pleading was sufficient to put Defendant on notice of the damages sought. [Doc. No. 6 at 4]. Defendant counters that "[t]he mere allegation of surgery . . . does not make a lawsuit removable on its face. This surgery reference could have been to a minor procedure such as a steroid or cortisone injection, which would not reveal that the case was removable." [Doc. No. 9 at 2]. Despite rising medical costs, this Court agrees. There is no reason to presuppose from the factual allegations in the petition that the surgery mentioned was a more invasive, and thus more costly, procedure. As such, the Court finds that September 13, 2012 is the operative date from which to calculate the 30–day removal period. Having filed the Notice of Removal on September 25, 2012, Defendant's removal was timely.

## B. Defendant has not waived its right to removal.

The fact profile presented herein gets even more complicated. Given the delay in the discovery answers, Home Depot continued to do the various tasks one must do to defend a lawsuit. Plaintiff claims that the performance of these tasks amount to a legal waiver of the right to remove. On the one hand, Home Depot has clearly engaged the state court to exert its jurisdiction, and in fact, prior to removal lost a summary judgment motion. Pena, on the other hand, by not responding to initial discovery requests (for many months) until ordered to do so by the state court, created a situation where Home Depot was not aware of its right to remove until after it argued the summary judgment motion. The Court nonetheless finds, based on the applicable law and the fact that Defendant's conduct was caused by Plaintiff's refusal to participate in timely discovery, that Defendant has not waived its right to remove.

 "A defendant . . . may waive its right to remove by proceeding to defend the action in state court or otherwise invoking the process of that court." *Jacko v. Thorn Americas, Inc.,* 121 F.Supp.2d 574, 576 (E.D.Tex.2000). To remand on this basis, the "waiver of the right to removal must be clear and unequivocal." *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir.1989), *superseded by statute on other grounds as stated in Tedford v. Warner–Lambert Co.,* 327 F.3d 423, 428 n. 14 (5th Cir.2003). A defendant that has engaged the state court to decide the merits of the case, such as by filing and arguing a summary judgment motion, is generally found to have waived the right to remove. *Jacko,* 121 F.Supp.2d at 576.[4] A

---

4. The Court notes that *Dougherty v. Petco*

*Southwest, Inc.,* decided after *Ortiz* [*see infra*

defendant should not be allowed to experiment with his case in state court, and then in essence appeal an adverse state court ruling to the federal court. *See Ortiz v. Brownsville Indep. Sch. Dist.,* 257 F.Supp.2d 885, 889 (S.D.Tex.2003). "Where the case is not initially removable," however, "the waiver issue turns on what actions the defendant takes once the case becomes removable." *Id.* at 889–90 (citing *Bolivar Sand Co. v. Allied Equip., Inc.,* 631 F.Supp. 171, 172 (W.D.Tenn. 1986)). *See also Jacko,* 121 F.Supp.2d at 576 (citing *Bolivar* ).

■ The facts of the instant case are particularly similar to those addressed by the court in *Ortiz.* As is the case here, the suit in *Ortiz* did not become removable until after the parties had filed motions for summary judgment. 257 F.Supp.2d at 886–87. Further, the state court had ruled on the motions before defendant filed its notice of removal. *Id.* at 887. Although the defendant in *Ortiz* had not argued the motion at a state court hearing, the hearing in that case had taken place *after* the case became removable, not *before* as in the instant suit. *See id.* Moreover, the *Ortiz* court concluded that the defendant had not waived removal despite one further motion filed in state court the day of the hearing. *Id.* at 890 ("... the only action BISD took after the case became removable was to file an extensive motion to strike much of the plaintiff's summary judgment evidence ... This action is insufficient to support a finding of waiver ...."). Home Depot, in contrast, has taken no further action in state court whatsoever after September 13th, the operative date for removal, and before filing its removal notice. For the foregoing reasons, this Court reaches the same conclusion as was reached in *Ortiz.* This conclusion is further reinforced by the September 13th letter to the state court clerk and the September 16th internal e-mail. The Court simply cannot find that there is a "clear and unequivocal" waiver of removal. As such, despite the extensive litigation regarding the motion for summary judgment in state court, the Court finds that Home Depot has not waived its right to remove.

## IV. CONCLUSION

Although the Court has ruled that Home Depot may proceed in federal court, as is dictated by the applicable law, the Court reiterates its recognition of the inequities present on both sides. Hopefully such a situation may be avoided in the future by more diligent conduct from both parties. Nonetheless, for the purposes of this case the Court finds that the operative date for removal purposes is September 13th, when Plaintiff first responded to Defendant's initial discovery request. Furthermore, Home Depot's proceeding on its summary judgment motion in state court was insuffi-

---

at 752] and cited in Plaintiff's motion, [Doc. No. 4 at 4], clearly states that "[f]iling and participating in a hearing on a summary judgment motion is sufficient to show a clear intent to have the state court decide the merits of the case and is sufficient to waive a right to remove." No. 4:10–CV–133, 2010 WL 2231996, at *6 (S.D.Tex. May 28, 2010) (citing *Jacko,* 121 F.Supp.2d at 577). As a general principle, this Court agrees. *Dougherty,* however, is clearly distinguishable from the instant case. In *Dougherty,* Petco opted to file a motion for summary judgment dismissing a co-defendant Hearne, one of its store managers, in state court, instead of filing a notice of removal in federal court arguing that Hearne was improperly joined. *Id.* at *5. Until September 13th, the date discovery was finally answered, there was no avenue through which Home Depot could have litigated the issues presented in federal court. If Pena had answered her discovery timely and Home Depot then engaged the state court's jurisdiction, this Court would certainly follow *Dougherty,* but this is not what happened.

cient to constitute waiver because it occurred before the case became removable. Having thus concluded, the Court hereby **DENIES** Plaintiff's Motion to Remand.